Filed 10/1/14  In re D.M. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re D.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.M.,<br><br>        Defendant and Appellant. | A141039<br><br>(Contra Costa County<br>Super. Ct. No. J12-00863) |

D.M., a minor, appeals from a dispositional order entered upon his admission of a probation violation.  His court-appointed counsel has filed a brief raising no legal issues and requesting this court to independently review the record pursuant to *People v. Wende* (1975) 25 Cal.3d 436.  Counsel states that she has advised appellant of his right to file a supplemental brief within 30 days of the date counsel's brief was filed in which he can identify issues he believes warrant review, but we have received no such brief.

**PROCEEDINGS BELOW**

On October 13, 2012, the Contra Costa County District Attorney filed the third amended juvenile wardship petition, which alleged that appellant had committed seven felony offenses: criminal threats with the personal use of a firearm (Pen. Code, §§ 422 and 12022.5, subd. (a)(1));[1] drawing or exhibiting a firearm (§ 417, subd. (a)(2)); first degree residential burglary of occupied premises (§§ 459/460, subd. (a), 667.5, subd.

_____

[1] All statutory references are to the Penal Code unless otherwise indicated.

1

(c)(21)); possession of a firearm by a minor (§ 29610); receiving stolen property (§ 496, subd. (a)); and two counts of unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)). According to the petition, the maximum commitment to which appellant was exposed was 8 years and 8 months.

About a month later, appellant entered a plea of no contest to all of the charges except the first two, the making of criminal threats while personally using a firearm, and drawing or exhibiting a firearm. Pursuant to a plea agreement, the court dismissed the petition as to those counts, and as to the gun enhancement alleged in connection with the residential burglary.

At a contested dispositional hearing, appellant was ruled an indefinite ward, removed from the custody of his parents, and committed to the Orin Allen Youth Rehabilitation Facility (OAYRF), a county institution, for a six-month mandatory program "plus an additional 90 day conditional release/parole period." (Welf. & Inst. Code, § 777.) Numerous standard conditions of probation were also imposed.

Appellant subsequently violated those conditions on five occasions by fighting with other juveniles, threatening staff, and leaving his placement without permission. Appellant challenges the disposition of the most recent of these violations, which was leaving his court-ordered placement without permission on September 7, 2013.

On October 4, appellant admitted the foregoing allegation, a dispositional hearing thereon was conducted on December 17, and at that hearing, appellant was committed to the Youthful Offender Treatment Program (YOTP), a community based treatment program. At the time of the disposition, the time remaining on appellant's commitment was 8 years, one month, and 13 days.

Appellant filed a timely notice of appeal from the December 17, 2013 ruling.

**FACTS**

The facts relative to the probation violation, which are taken mostly from the Report and Recommendation of the Juvenile Division of the County Probation Department, are that on August 20, 2013, appellant was placed at Courage to Change, a local program, and left the placement on September 7 without permission. He was

2

arrested in Richmond on a bench warrant and placed in custody without incident. According to appellant's counsel, appellant had been doing well at Courage to Change, but "there was some issues, his cousin had been shot and killed and he wanted to attend the funeral."

The Social Study and Case Assessment prepared by a probation officer states that both of appellant's parents have lengthy criminal histories that include weapons and drug charges, as well as theft and fraud charges. His father is currently incarcerated and his mother, with whom he lives in San Pablo with a younger sibling, has a history of being placed on probation in San Francisco, Alameda, San Mateo, Solano, and Contra Costa Counties. In 2012, appellant was shot in the leg by an unidentified person while standing in front of his house, and although he has recovered from this injury, the event changed his behavior for the worse. His mother attributed this to the negative influences of his peer group and his need to "show off" to his friends.

The present probation violation followed four violations for significant behavioral issues at OAYRF and Boys Republic, another community based placement, before he was placed at Courage for Change. According to the probation department, prior to placement at OAYRF appellant's behavior "posed significant concerns to the community safety and warranted immediate sanctions. [Appellant] and his friends were stealing property from cars, burglarizing homes, and intimidating residents with weapons. When [appellant] was interviewed by Probation for his original dispositional hearing, he minimized his involvement and personal responsibility in these crimes. In addition, [he suffered] poor school attendance and behavior coupled with reported substance abuse and insufficient parental supervision at home. . . ."

The Probation Report states that, although appellant, who was then 16, "does not have a lengthy history of committing serious crimes warranting a commitment in a secure and structured setting," "his delinquent behavior and his lack of interest to abide by the [court-ordered] terms and conditions coupled with his high risk for AWOL and poor adjustment in placement" is such that he requires a "structured and secured environment where his chances for AWOL are minimal." Based on appellant's criminal history and

3

poor compliance in a group home setting, the Probation Department concluded that "YTOP appears to be the most appropriate treatment program at this time to address the minor's risk[s] and need's." According to the probation report "[a] commitment to YOTP would afford the minor the opportunity to address his behaviors, such as anger management and substance abuse issues in a structured and secured setting. The minor's criminogenic factors and his poor choices would be discussed in a rehabilitative environment through a behavior modification process and Anger Replacement Treatment (ART). An academic assessment would also be done to increase the minor's likelihood to earn a high school diploma."

On December 17, the court followed the recommendation and committed appellant to YOTP.

## DISCUSSION

The scope of reviewable issues on appeal after the sustaining of a petition on the basis of admissions is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the admissions; guilt or innocence are not included. (See *People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.)

Appellant did not enter his admissions until after he was fully advised of his rights, and waived them after being told of the possible consequences of doing so. Prior to making his admissions, he represented that no threats or promises were made to induce him to admit any allegations, except that certain charges and allegations would be dismissed. In short, appellant's admissions complied with the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238, and *In re Tahl* (1969) 1 Cal.3d 122.

Given that a juvenile court commitment to or placement in a state or local juvenile facility is reviewed for an abuse of discretion after indulging all reasonable inferences in favor of the court's decision (*In re Angela M.* (2003) 111 Cal.App.4th 1392, 1396; *In re Michael D.* (1987) 188 Cal.App.3d 1392, 1395), there is no possibility appellant could successfully dispute the propriety of his placement in YOTP.

4

## DISPOSITION

Our independent review having revealed no arguable issues that require further briefing, the order is affirmed.

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Stewart, J.